UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANNY CREWS,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:21-cv-00868-RDP |
| **PFIZER, INC., et al.,** | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant Pfizer Inc.'s Motion to Dismiss (Doc. # 14). Defendant seeks dismissal of *pro se* Plaintiff's claim, arguing he has failed to state a claim upon which relief can be granted. Defendant filed a brief in support of its Motion (Doc. # 14), and Plaintiff filed two responses (Docs. # 16, 17). For the reasons discussed below, Defendant's Motion (Doc. # 14) is due to be granted.

**I.    Background**

Defendant filed a Motion to Dismiss (Doc. # 5) to Plaintiff's original complaint (Doc. # 1). Giving consideration to Plaintiff's *pro se* status, this court denied Defendant's Motion without prejudice and allowed Plaintiff to amend his complaint. (Doc. # 12). Plaintiff's Amended Complaint, in its entirety, states:

> I claim that my wife, Angela Poole, used Chantix and passed away at the age of 44.
> I am making a wrongful death product liability claim because Chantix is a defective drug and caused my wife to die.
> I claim that Pfizer manufactured and sold the Chantix that caused my wife to have heart failure and to die.
> I claim that Pfizer should have warned my wife and told her that Chantix could cause heart failure and death. If my wife had known that Chantix would kill her, she would never have taken it.

(Doc. # 13 at 1).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

**III.    Analysis**

Plaintiff asserts a wrongful death claim. Wrongful death claims must "be commenced within two years from after the date of the testator or intestate." Ala. Code § 6-5-410(d). "Because the two-year period is not a statute of limitations but a period after which liability under the statute ceases to exist, it is not subject to tolling[.]" *Wood v. Wayman*, 47 So. 3d 1212, 1218 (Ala. 2010). If Plaintiff's wife died more than two years prior to the commencement of suit, the Complaint is due to be dismissed. This is because, as the leading treatise puts it, "the plaintiff's own allegations [would] show that a defense exists that legally defeats the claim for relief." 5B Wright & Miller, *Federal Practice and Procedure* § 1357 (3d ed., 2021 update).

The question here is when Plaintiff's wife died. Plaintiff's Amended Complaint conspicuously omits the date. As the Supreme Court instructs, in addition to "consider[ing] the complaint in its entirety . . . when ruling on Rule 12(b)(6) motions" courts are to "examine . . . in

particular . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of obituaries. *See, e.g.*, *Blackburn v. United States*, No. CR 08-00256-WS-B, 2017 WL 2859802, at *6 n.5 (S.D. Ala. May 26, 2017), *report and recommendation adopted*, No. CR 08-00256-WS-B-2, 2017 WL 2842784 (S.D. Ala. July 3, 2017). Plaintiff's wife died on December 17, 2008. (Doc. # 14-1, https://www.legacy.com/us/obituaries/tuscaloosa/name/angela-crews-obituary?pid=121570404).

In fact, in his *original* Complaint, Plaintiff alleged that she died on this date. (Doc. # 1 at 5). It is true that "[a]s a general matter, 'an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (alteration adopted) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). However, "courts in rare circumstances will consider prior pleadings when the plaintiff directly contradicts the facts set forth in his original complaint." *Fernandez v. Sch. Bd. of Miami-Dade Cty.*, 201 F. Supp. 3d 1353, 1361 n.1 (S.D. Fla. 2016) (alterations adopted) (internal quotations marks and citation omitted). Although Plaintiff has not contradicted his earlier Complaint, this is one of those rare circumstances where the prior pleading and judicially-noticeable facts inform the court of a key fact that establishes a plaintiff cannot assert a claim.

**IV.     Conclusion**

The court is sympathetic to the loss Plaintiff has suffered. But to have properly brought this claim, Plaintiff would have had to file suit more than a decade ago. As a matter of law, Defendant's Motion to Dismiss (Doc. # 14) is due to be granted. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this October 29, 2021.

                                                                                _____
                                                                **R. DAVID PROCTOR**
                                                                UNITED STATES DISTRICT JUDGE